[No. 3188.    Decided August 2, 1899.]

THE STATE OF WASHINGTON *on the Relation of Adam Stevens, Respondent,* v. JOHN CATLIN, *Appellant.* .

CONTEMPT—WHAT CONSTITUTES—VIOLATING INJUNCTION.

Where a decree of court has adjudicated all of the rights of the parties before it to the waters of a certain stream and enjoined a party from using more than a certain quantity, he is guilty of contempt in using more water than he is allowed under the terms of the decree, when he asserts title under deed from one who was not a party to the decree, but fails to show any right in his grantor.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge.    Affirmed.

*Kauffman & Frost,* for appellant.
*Graves & Englehart,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The appellant was charged with contempt of court in violating the terms of a decree of the · superior court of Kittitas county, which decree adjudicated the rights to the use of the waters of the Menastash creek, and enjoined interference with the rights and priorities as adjudged.    He was found guilty and was adjudged to pay a fine of ten dollars and costs.    From this judgment he has appealed.

At the trial the plaintiff introduced in evidence the decree, which was entered in March, 1891.    The appellant was a party to that decree, by the terms of which all of the rights to the waters of the stream were adjudicated and determined.    It was established at the trial, and is not questioned here, but that appellant was using one hundred inches of water more than he was allowed under the terms of the decree.    His contention is that he ac-

quired the right to such use from one who was not a party to the decree; in other words, through another source of title than that under which he took in the decree.    The deed through which the appellant claims the right to the use of the water describes "An undivided one-sixth interest in the water ditch known as the Keach ditch, taken from Menastash creek,  .   .   .    together with an undivided one-sixth interest in all waters flowing therein."    We think the record fails to show any right in appellant's grantor, or that appellant's claim is made in good faith, and conclude that the lower court was right in finding that the claim of appellant was a mere attempt to evade the decree.

The judgment is affirmed.

DUNBAR, FULLERTON, ANDERS and REAVIS, JJ., concur.